# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 16, 2008

Charles R. Fulbruge III
Clerk

No. 08-40099
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

MATEO VARGAS-RANGEL

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:07-CR-1331-1

Before SMITH, STEWART and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Mateo Vargas Rangel (Vargas) appeals the sentence imposed following his guilty-plea conviction for illegally reentering the United States after deportation. Vargas was sentenced at the bottom of his advisory sentencing range to 37 months of imprisonment. He contends in light of his personal history and the circumstances surrounding his offense that his sentence is unreasonable because it was greater than necessary to achieve the sentencing goals of 18 U.S.C. § 3553(a).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Following United States v. Booker, 543 U.S. 220 (2005), we review a sentence for reasonableness in light of the sentencing factors of § 3553(a). Gall v. United States, 128 S. Ct. 586, 596-97 (2007). We consider whether the sentence imposed is, first, procedurally sound and, second, substantively reasonable, using an abuse-of-discretion standard. Id. at 597. If, as in Vargas's case, a defendant fails to challenge the reasonableness of his sentence in the district court, this court reviews the substantive reasonableness of the sentence for plain error only. United States v. Peltier, 505 F.3d 389, 391-92 (5th Cir. 2007), cert. denied, 128 S. Ct. 2959 (2008). A sentence imposed within a properly calculated guideline range is entitled to a rebuttable presumption of reasonableness. United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006); see Rita v. United States, 127 S. Ct. 2456, 2462 (2007).

Citing Kimbrough v. United States, 128 S. Ct. 558, 575 (2007), and Rita, 127 S. Ct. at 2462, Vargas argues that his within-guidelines sentence should not be presumed reasonable because U.S.S.G. § 2L1.2(b), the guideline used to increase his sentencing range, was not promulgated according to usual Sentencing Commission procedures and did not take into account "empirical data and national experience." He portrays the Kimbrough decision as suggesting that the appellate presumption should not be applied to Guidelines that did not take account of this data and experience

Kimbrough makes no such suggestion. The question presented in Kimbrough was whether "a sentence . . . outside the guidelines range is per se unreasonable when it is based on a disagreement with the sentencing disparity for crack and powder cocaine offenses." Kimbrough, 128 S. Ct. at 564. Speaking specifically to the crack cocaine Guidelines, the Court simply ruled that "it would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence 'greater than necessary' to achieve § 3553(a)'s purposes, even in a mine-run case." Id. at

575. The Court said nothing about the applicability of the presumption of reasonableness. Moreover, the presumption's continued applicability to § 2L1.2 sentences is supported by United States v. Campos-Maldonado, 531 F.3d 337, 338-39 (5th Cir.), cert. denied, __ S. Ct. __, 2008 WL 3996218 (Oct. 6, 2008) (No. 08-5988), which involved a similar challenge to § 2L1.2.

The appellate presumption of reasonableness applies in this case. Vargas has failed to show why the presumption should not apply. The judgment of the district court is AFFIRMED.